### Thomas E. Goggin's Case.

Suffolk.     December 5, 1939. — February 27, 1940.

Present: Field, C.J., Donahue, Lummus, Cox, & Ronan, JJ.

*Suffolk County. Jurisdiction,* Under St. 1936, c. 422. *Workmen's Compensation Act,* To whom act applies.

Neither the Industrial Accident Board nor the Superior Court had any jurisdiction to determine through proceedings under the workmen's compensation act the measure of rights of a certain employee of the county of Suffolk under St. 1936, c. 422.

Certification to the Superior Court of a decision by the Industrial Accident Board purported to have been made under St. 1936, c. 422.

A decree in accordance with the decision of the board was entered by order of *Baker*, J. The claimant appealed.

*P. C. Borré,* for the claimant.

*J. P. Graham, (T. L. Sullivan* with him,) for the employer.

Ronan, J. Goggin, an inspector in the office of the district attorney for the Suffolk district, was injured on No-

vember 17, 1931, while in the performance of his duties. The county of Suffolk at that time had not accepted the workmen's compensation law to the extent of including those employed as inspectors in the office of the district attorney. The Legislature by St. 1936, c. 422, authorized the county of Suffolk to pay him "the amount or amounts to which he would be entitled if sections sixty-nine to seventy-five, inclusive, of chapter one hundred and fifty-two of the General Laws, as amended, had been in effect in said county as to said position at the time of said injuries." This chapter became effective upon its acceptance by the city council of Boston on June 29, 1936.

A single member of the Industrial Accident Board found that Goggin was totally disabled from the date of his injuries, awarded him a lump sum of $4,500, and ruled that he was not entitled to additional payments under G. L. (Ter. Ed.) c. 152, § 34A, which was inserted in c. 152 by St. 1935, c. 364. The decision of the single member was affirmed by the board. The county paid Goggin $4,500. He appealed from a decree of the Superior Court denying him any further payments. The principal contention of Goggin is that he is entitled to the benefits provided by § 34A which was in effect when St. 1936, c. 422, became effective by its acceptance by the city council.

St. 1936, c. 422, did not confer upon Goggin all the benefits of the workmen's compensation law and he was not given the remedies that he would have had if his employment were included within the compensation law at the time of his injury. All that the Legislature intended was to empower the county of Suffolk, if it saw fit, to pay Goggin the amount to which he would be entitled if, at the time of his injury, he were an employee covered by the workmen's compensation law. The reference to the workmen's compensation law was solely for the purpose of fixing the amount that the county upon acceptance of the act was authorized to pay him.

The proceedings before the single member, the board and the Superior Court were without sanction of law. The decree purported to determine the measure of the rights

of Goggin under the statute. But neither the Industrial Accident Board nor the Superior Court had any jurisdiction to do so in proceedings under the workmen's compensation act. The decree must be reversed and the proceedings dismissed. *Donnelly* v. *Montague, ante,* 14.

*So ordered.*